

# THE ATTORNEY GENERAL
## OF TEXAS

December 24, 1986

JIM MATTOX
ATTORNEY GENERAL

Mr. Robert C. Lanier                        Opinion No. JM-593
Chairman
State Department of Highways                Re: Whether a sales tax on motor
  and Public Transportation                 fuels must be used exclusively
Dewitt C. Greer State Highway Bldg.         for public roads by virtue of
11th and Brazos Streets                     article VIII, section 7-a, of
Austin, Texas   78701                       the Texas Constitution

Dear Mr. Lanier:

You have asked·for an interpretation of article VIII, section 7-a, of the Texas Constitution, which provides:

> Subject to legislative appropriation, allocation and direction, all net revenues remaining after payment of all refunds allowed by law and expenses of collection derived from motor vehicle registration fees, and all taxes, except gross production and ad valorem taxes, on motor fuels and lubricants used to propel motor vehicles over public roadways, shall be used for the sole purpose of acquiring rights-of-way, constructing, maintaining, and policing such public roadways, and for the administration of such laws as may be prescribed by the Legislature pertaining to the supervision of traffic and safety on such roads; and for the payment of the principal and interest on county and road district bonds or warrants voted or issued prior to January 2, 1939, and declared eligible prior to January 2, 1945, for payment out of the County and Road District Highway Fund under existing law; provided, however, that one-fourth (1/4) of such net revenue from the motor fuel tax shall be allocated to the Available School Fund; and, provided, however, that the net revenue derived by counties from motor vehicle registration fees shall never be less than the maximum amounts allowed to be retained by each County and the percentage allowed to be retained by each County under the laws in effect on January 1, 1945.  Nothing contained herein shall be

construed as authorizing the pledging of the State's credit for any purpose.

In your request letter, you stated:

It is of course well established that this constitutional dedication is applicable to motor fuel taxes imposed under chapter 153 of the Texas Tax Code. While we are confident that the dedication would equally apply to any taxes which might be imposed on motor fuels through appropriate amendments to provisions of the Limited Sales, Excise, and Use Tax Act, chapter 151 of the code, we seek your official legal confirmation.

Simply stated, your question is whether, if the Texas Legislature were to impose a sales tax on gasoline, the proceeds of that tax could be used for any purpose other than those stated in article VIII, section 7-a. We answer in the negative.

If the constitution earmarks money for specific purposes, that money can be dedicated to no other purpose. See, e.g., Gulf Insurance Company v. James, 185 S.W.2d 966 (Tex. 1945); Brazos River Conservation and Reclamation District v. McCraw, 91 S.W.2d 665 (Tex. 1936); Lawson v. Baker, 220 S.W. 260 (Tex. Civ. App. - Austin 1920, writ ref'd). Article VIII, section 7-a provides in relevant part that

[s]ubject to legislative appropriation, allocation and direction . . . all taxes, except gross production and ad valorem taxes, on motor fuels . . . used to propel motor vehicles over public roadways, shall be used for the sole purpose of [accomplishing specific objectives].

It is beyond cavil that this language earmarks the revenue generated by any tax on motor fuel, other than a gross production or ad valorem tax, for the purposes named in the article. It can hardly be argued that a sales tax on gasoline could be characterized as either a gross production or an ad valorem tax, nor could it be contended that such tax is not a "tax on motor fuel" within the meaning of the constitutional provision. The proceeds of a sales tax on gasoline, therefore, fall squarely within the terms of article VIII, section 7-a.

The prefatory language in article VIII, section 7-a gives the legislature the right to control the "appropriation, allocation and direction" of the proceeds of a sales tax on gasoline. Neither this nor any other portion of this constitutional provision, however, permits the legislature to dedicate those proceeds to any purpose other than those enumerated therein.

## S U M M A R Y

The proceeds of a sales tax on gasoline could be used only for the purposes expressed in article VIII, section 7-a, of the Texas Constitution.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jon Bible
Assistant Attorney General